Appeal No.: 16-11767-D

UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

ROBERTO ROLDAN, Appellant,

V.

MALIBU MEDIA, LLC, Appellee.

On Appeal from the
United States District Court
For the Middle District of Florida

Brief for Appellant, ROBERTO ROLDAN

Attorneys for Appellant:

Cynthia Conlin, Esq.
Cynthia Conlin, P.A.
1643 Hillcrest Street
Orlando, FL 32803
Tel. 407-965-5519
Florida Bar No. 47012

## CORPORATE DISCLOSURE STATEMENT

Appellant, ROBERTO ROLDAN, certifies that the following is a complete list of the trial judge(s), all attorneys, persons, associations of persons, firms, partnerships, or corporations that have an interest in the outcome of the particular case or appeal, including subsidiaries, conglomerates, affiliates and parent corporations, including any publicly held corporation that owns 10% or more of the party's stock, and other identifiable legal entities related to a party:

CONLIN, ESQ., CYNTHIA
CYNTHIA CONLIN, P.A.
FERNANDEZ, ESQ., JESSICA
FIELD, COLLETTE
KENNEDY, ESQ., EMILIE
LIPSCOMB, EISENBERG &
BAKER, PL
LIPSCOMB ESQ., M. KEITH

MALIBU MEDIA, LLC (PARTY)
MOODY, JR., JAMES S.
PAGAN JR., ESQ., TONY
PATRICK, ESQ., BRADFORD
PILLAR LAW GROUP, APLC
REED, ESQ., JENNIFER
ROLDAN, ANGEL
ROLDAN, ROBERTO (PARTY)
SHATZ, ESQ., DANIEL

## Table of Contents

TABLE OF AUTHORITIES........................................... 6

JURISDICTIONAL STATEMENT....................................... 11

STATEMENT OF THE ISSUES........................................ 12

I. Did the district court abuse its discretion in refusing to grant
   Roberto Roldan's motion for summary judgment when both parties
   agreed that Roberto Roldan could not have committed the alleged
   infringement? .............................................. 12

II.   Did the district court abused its discretion when it entered
   an order (Doc. 58) permitting Malibu Media to amend its complaint
   to add Angel Roldan as a defendant despite the order's detrimental
   and prejudicial effect on Roberto Roldan? .................. 12

III.   Did the district court err in refusing to hold Malibu Media
   in contempt for willfully violating the court's order (Doc. 58)
   requiring Malibu Media to not drop Roberto Roldan as a defendant
   when Malibu Media intentionally omitted Roberto from the entire
   body of its second amended complaint (Doc. 61) in violation of the
   district court's order? .................................... 12

IV.   Did the district court abuse its discretion when it entered
   an order (Doc. 90) dismissing Roberto Roldan without prejudice?
      12

V. Did the district court abuse its discretion when it failed to place
   a condition on Roberto Roldan's dismissal under Rule 41(a)(2),
   Federal Rules of Civil Procedure, ordering Malibu Media, LLC
   reimburse him for at least a portion of his expenses of litigation?
      12

VI.   Did the district court abuse its discretion in refusing to
   reopen the case for an entry of dismissal with prejudice in favor
   of Roberto Roldan? ........................................ 12

STATEMENT OF FACTS............................................. 13

SUMMARY OF THE ARGUMENT........................................ 22

ARGUMENT...................................................... 26

VII.   The trial judge abused his discretion in refusing to rule on
   Roberto's motion for summary judgment when both parties agreed that
   Roberto could not have committed the infringement. ......... 26

**VIII.  The district court abused its discretion when it entered an order (Doc. 58) permitting Malibu Media to amend its complaint to add Angel Roldan as a defendant despite the detrimental and prejudicial effect on Roberto. ............................. 28**

A. From the outset, the court disregarded principles of "fairness" in allowing Malibu Media to file the instant action against Roberto, as Malibu Media lacked sufficient factual evidence to support its claims. ........................... 30

B. Despite the insufficient factual evidence, Malibu Media insisted on filing a $6 million complaint against Roberto accusing him of illegally downloading pornography. ................. 32

C. Even recognizing Roberto had been wrongly sued, the court furthered its disregard for principals of "fairness" and prejudice to Roberto by discounting Roberto's motion for summary judgment and allowing Malibu Media to add Roberto's father, Angel. . 33

D. By failing to consider the prejudice to Roberto, the court abused its discretion. ................................... 35

**IX.   The district court erred in refusing to hold Malibu Media in contempt and, instead, construed the second amended complaint as a "supplement" to the first amended complaint, when Malibu Media by intentionally and purposefully omitted Roberto from the entire body of its second amended complaint (Doc. 61) in willful violation of the district court's order requiring it not to drop Roberto as a defendant (Doc. 58). ................................... 36**

A. Roberto presented uncontroverted evidence that Malibu Media had violated the court's order. .......................... 36

B. The court misapplied the law in failing to find Malibu Media in contempt and construing the second amended complaint as a "supplement." ......................................... 38

**X. The district court abused its discretion when it entered an order (Doc. 90) dismissing Roberto without prejudice. ............ 45**

**XI.   The district court abused its discretion when it failed to place a condition on Roberto's dismissal under Rule 41(a)(2) or order Malibu Media to reimburse Roberto for at least a portion of his expenses of litigation. ................................... 49**

**XII.  The district court abused its discretion in refusing to reopen the case for an entry of dismissal with prejudice in favor of Roberto.** ................................................. **53**

**CONCLUSION**..................................................... **56**

**STATEMENT REGARDING ORAL ARGUMENT**............................ **60**

**CERTIFICATE OF COMPLIANCE**.................................... **61**

**CERTIFICATE OF SERVICE**...................................... **62**

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Ala. v. U.S. Army Corps of Eng'rs*, 382 F. Supp. 2d 1301, 1308 (N.D. Ala. 2005) ............................................... 42

*Alabama Legislative Black Caucus v. Alabama*, 2:12-CV-1081, 2013 WL 1397139, at *4 (M.D. Ala. 2013) ........................... 25

*American Cyanamid Company v. McGhee*, 317 F.2d 295, 298 (5th Cir. 1963) ........................................................ 48

*Ameritas Variable Life Ins. Co. v. Roach*, 411 F.3d 1328, 1330 (11th Cir. 2005) ........................................... 48, 49

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).. 26

*Arias v. Cameron*, 776 F.3d 1262, 1268 (11th Cir. 2015) ....... 48

*Bayatfshar v. Aeronautical Radio, Inc.*, 934 F. Supp. 2d 138, 142-43 (D.D.C. 2013) ............................................... 28

*Bishop v. West American Insurance Co.,* 95 F.R.D. 494, 495 (N.D.Ga.1982) ............................................... 48

*Bond Distrib. Co. v. Carling Brewing Co.*, 32 F.R.D. 409, 415 (D. Md. 1963) ............................................... 26

*Boyd v. District of Columbia*, 465 F. Supp. 2d 1, 3 n.3 (D.D.C. 2006) ........................................................ 28

*Buckhannon Bd. & Care Home. Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 603 (2001) ............................. 54

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)........... 25

*Citibank, N.A. v. Data Lease Fin. Corp.*, 904 F.2d 1498, 1501 (11th Cir. 1990) ............................................... 51

*Citizens for Police Accountability Political Comm. v. Browning*, 572 F.3d 1213, 1216-17 (11th Cir.2009) ........................ 37

*Cross Westchester Dev. Corp. v. Chiulli*, 887 F.2d 431, 432 (2d Cir. 1989) ............................................... 45

*CRST Van Expedited, Inc. v. E.E.O.C.*, 136 S. Ct. 1642, 1646 (2016) ........................................................ 50

*Desert Empire Bank v. Ins. Co. of N.A.,* 623 F.2d 1371, 1375 (9th Cir.1980) ............................................... 28

*Durham v. Florida East Coast Ry. Co.,* 385 F.2d 366, 368 (5th Cir.1967) .......................................................... 45

*Ex parte Skinner & Eddy Corp.*, 265 U.S. 86, 93 (1924)........ 49

*Fisher v. P.R. Marine Mgmt., Inc.,* 940 F.2d 1502, 1503 (11th Cir.1991) ..................................................... 44, 50

*Fisher v. Puerto Rico Marine Mgmt., Inc.*, 940 F.2d 1502, 1503 (11th Cir. 1991) .............................................. 45

*Foman v. Davis*, 371 U.S. 178 (1962).......................... 28

*Home Owners' Loan Corp. v. Huffman*, 134 F.2d 314, 317 (8th Cir. 1943) ................................................... 49

*Hood v. Plantation Gen. Med. Ctr., Ltd.*, 251 F.3d 932 (11th Cir. 2001) ..................................................... 10

*Human Genome Sciences, Inc. v. Kappos*, 738 F.Supp.2d 120 (D.D.C. 2010) .................................................. 41

*In re Bayshore Ford Trucks Sales, Inc.,* 471 F.3d 1233, 1259 (11th Cir.2006) ................................................ 44

*Intercon Research Assoc., Ltd. v. Dresser Indus.,* 696 F.2d 53, 58 (7th Cir.1982) ............................................. 28

*Katz v. Chevaldina*, 127 F. Supp. 3d 1285, 1297 (S.D. Fla. 2015), *appeal dismissed* (Oct. 5, 2015) ................................. 46

*Kern v. TXO Prod. Corp.*, 738 F.2d 968, 970 (8th Cir. 1984) 48, 49

*Kirkland v. Nat'l Mortg. Network, Inc.,* 884 F.2d 1367, 1370 (11th Cir. 1989) ................................................... 10

*LeCompte v. Mr. Chip, Inc.,* 528 F.2d 601, 604 (5th Cir.1976). 45, 48

*Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1219 (11th Cir. 2007) ........................................................... 42

*Lundgren v. McDaniel*, 814 F.2d 600, 605 (11th Cir.1987)....... 36

*Lussier v. Dugger*, 904 F.2d 661, 670 (11th Cir. 1990)........ 41

*Malibu Media, LLC v. John Does 1–5*, No. 12-cv-1405-WJM, 2012 WL 3030300, *3 (D.Colo. July 25, 2012) ......................... 28

*McCants v. Ford Motor Co., Inc.,* 781 F.2d 855, 857 (11th Cir.1986) .......................................................... 45

*Muhammad v. Sapp*, 494 Fed. Appx. 953, 958 (11th Cir. 2012).... 27

*Muhammad*, 494 Fed. Appx. at 958............................... 28

*Nance v. Ricoh Elecs., Inc.*, 381 Fed. Appx. 919, 924 (11th Cir. 2010) ....................................................... 43

*NCC Bus. Services, Inc. v. Lemberg & Assoc.*, LLC, 3:13-CV-795-J-39MCR, 2015 WL 5553773, at *5 (M.D. Fla. 2015) ..................... 54

*NLFC, Inc. v. Devcom Mid-America, Inc.*, 916 F.Supp. 751 (N.D. Ill. 1996) ...................................................... 50

*Oneida Indian Nation of N. Y. State v. Cty. of Oneida*, 199 F.R.D. 61, 72 (N.D.N.Y. 2000) ...................................... 28

*Oravec v. Sunny Isles Luxury Ventures L.C.*, 469 F. Supp. 2d 1148, 1169 (S.D. Fla. 2006) *aff'd,* 527 F.3d 1218 (11th Cir. 2008) . 25

*Paulo v. OneWest Bank, FSB*, 1:13-CV-3695-WSD, 2014 WL 3557703, at *7 (N.D. Ga. 2014) ........................................ 42

*Pontenberg v. Boston Sci. Corp.*, 252 F.3d 1253, 1255-56 (11th Cir. 2001) ................................................. 44, 45

*Popovitch v. Kasperlik*, 76 F. Supp. 233, 238 (W.D. Pa. 1947).. 41

*RPM Pizza v. Bank One Cambridge*, 869 F. Supp. 517, 518 (E.D. Mich. 1994) ...................................................... 26

*S. Pacific Co. v. Conway*, 115 F.2d 746 (9th Cir.)............. 41

*S.E.C. v. Founding Partners Capital Mgmt.*, 639 F. Supp. 2d 1291, 1294 (M.D. Fla. 2009) ...................................... 36, 37

*Schwarz v. City of Treasure Island*, 544 F.3d 1201, 1229 (11th Cir. 2008) ...................................................... 43

*Schwarz v. Folloder*, 767 F.2d 125, 127 (5th Cir. 1985)....... 52

*Shaw Family Archives, Ltd. v. CMG Worldwide, Inc.*, 589 F.Supp.2d 331 (S.D.N.Y. 2008) ........................................... 50

*SMS Mfg. Co. v. U. S. Mengel Plywoods*, 219 F.2d 606, 608 (10th Cir. 1955) ...................................................... 26

*Stephens v. Ga. Dep't of Transp.,* 134 Fed. Appx. 320, 323 (11th Cir. 2005) ...................................................... 49

*Tesma v. Maddox-Joines*, Inc., 254 F.R.D. 699, 701-02 (S.D. Fla. 2008) ....................................................... 51

*Thomas v. Blue Cross & Blue Shield Ass'n*, 594 F.3d 814, 821 (11th Cir. 2010) .......................................... 36, 37

*United States v. Burr*, 25 F.Cas.30, 35 (C.C.Va.1807)......... 52

*United States v. Hicks*, 283 F.3d 380, 385 (2002).............. 41

*Whelan v. N.M. W. Oil & Gas Co.*, 226 F.2d 156, 159 (10th Cir. 1955) ........................................................ 25

*Wiggins v. Dist. Cablevision, Inc.*, 853 F. Supp. 484, 499 n.29 (D.D.C. 1994) ...................................................... 28

*Witbeck v. Embry Riddle Aeronautical Univ.,* 219 F.R.D. 540, 542 (M.D. Fla. 2004) ................................................... 50

*Wright v. Edmond*, 1:15-CV-208-MP-GRJ, 2015 WL 10710283, at *1-2 (N.D. Fla. 2015) *report and recommendation adopted,* 1:15-CV-00208-MP-GRJ, 2016 WL 1599483 (N.D. Fla. 2016) ...... 28

**Statutes**

28 U.S.C. § 1291.......................................... 10

28 U.S.C. § 1331.......................................... 10

28 U.S.C. § 1338.......................................... 10

Fed. R. App. P. 4(a)(1)(A)................................. 10

Fed. R. Civ. P. 15(d)..................................... 41

Fed. R. Civ. P. 21........................................ 27

Rule 41(a)(2), Fed. R. Civ. P............................. 48

Rule 41(a)(2), Federal Rules of Civil Procedure........... 10

**Other Authorities**

Accurint® for Legal Professionals, http://www.lexisnexis.com/enus/products/accurint-for-legal-prof essionals.page ........................................... 30

**Treatises**

5 C. Wright & A. Miller, Federal Practice & Procedure§ 1321, pp. 458–59 (1969) ............................................. 36

5 J. Moore, J. Lucas & J. Wicker, Moore's Federal Practice § 41.06 (2d ed. 1985) ........................................... 48

6A Charles Alan Wright et al., *Fed. Prac. and Proc.* § 1504 (3d ed.

2010) .................................................... 41

8-41 Moore's Federal Practice - Civil § 41.40................. 45

9 C. Wright & A. Miller, Federal Practice and Procedure § 2366 (1971)
....................................................... 48

9 Wright & Miller, *Federal Practice & Procedure -- Civil* § 2362 (1971)
....................................................... 49

**Law Journal**

Friendly, *Indiscretion About Discretion*, 31 Emory L.J. 747, 784 (1982)
....................................................... 52

## JURISDICTIONAL STATEMENT

The district court had subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, federal question jurisdiction, and 28 U.S.C. § 1338, as there was a controversy involving patents, copyrights, trademarks, and unfair competition.

This Court has jurisdiction over this appeal as it is an appeal from a district court order granting voluntary dismissal of Appellant under Rule 41(a)(2), Federal Rules of Civil Procedure, without prejudice, which, under these circumstances, qualifies as a final judgment. 28 U.S.C. § 1291; *Kirkland v. Nat'l Mortg. Network, Inc.*, 884 F.2d 1367, 1370 (11th Cir. 1989) ("The district court's order granting voluntary dismissal without prejudice under Rule 41(a)(2) is final and appealable by defendant . . . ."); *see also Hood v. Plantation Gen. Med. Ctr., Ltd.*, 251 F.3d 932 (11th Cir. 2001) (a final appealable judgment is created once the litigation is completely adjudicated against all parties involved).

The district court order, entered April 1, 2016 (Doc. 117) operated as an adjudication or disposal of all the parties' claims, in turn, creating an appealable final decision. *Id*. Therefore, this appeal is timely, as the notice of appeal was filed within 30 days of entry of that final decision. Doc. 117; Fed. R. App. P. 4(a)(1)(A).

## <u>STATEMENT OF THE ISSUES</u>

I.   Did the district court abuse its discretion in refusing to grant Roberto Roldan's motion for summary judgment when both parties agreed that Roberto Roldan could not have committed the alleged infringement?

II.  Did the district court abused its discretion when it entered an order (Doc. 58) permitting Malibu Media to amend its complaint to add Angel Roldan as a defendant despite the order's detrimental and prejudicial effect on Roberto Roldan?

III. Did the district court err in refusing to hold Malibu Media in contempt for willfully violating the court's order (Doc. 58) requiring Malibu Media to not drop Roberto Roldan as a defendant when Malibu Media intentionally omitted Roberto from the entire body of its second amended complaint (Doc. 61) in violation of the district court's order?

IV.  Did the district court abuse its discretion when it entered an order (Doc. 90) dismissing Roberto Roldan without prejudice?

V.   Did the district court abuse its discretion when it failed to place a condition on Roberto Roldan's dismissal under Rule 41(a)(2), Federal Rules of Civil Procedure, ordering Malibu Media, LLC reimburse him for at least a portion of his expenses of litigation?

VI.  Did the district court abuse its discretion in refusing to reopen the case for an entry of dismissal with prejudice in favor of Roberto Roldan?

## STATEMENT OF FACTS

It is no secret that Malibu Media, the producer of thousands of pornographic videos on X-Art.com, is the most litigious copyright Plaintiff in the United States.[1]  All its cases follow the same pattern. First, its unlicensed investigator in Germany, using a modified BitTorrent client, collects IP addresses appearing in swarms of BitTorrent users. It then uses geolocation software to estimate locations of the IP addresses, narrowing them down to judicial district.

It files a lawsuit against a "John Doe," then obtains leave to file, then files, early discovery on the Internet Service Provider. Although an IP address corresponds to a router and not an individual, and routers are commonly accessible to multiple individuals, the only information Malibu Media receives from the ISP is the name of the Internet subscriber. As a result, in almost every case, the subscriber is whom Malibu Media first accuses of having downloaded its pornographic X-Art content.

On or about November 27, 2013, having nothing more than an IP address and a general location (city/state), Malibu Media filed the

---

[1] See pacer.gov, search "Malibu Media," showing more than 5500 copyright infringement lawsuits filed by Malibu Media, LLC since 2012; *accord*, Gabe Friedman, *Biggest Filer of Copyright Lawsuits? This Erotica Web Site*, New Yorker, May 14, 2014, http://www.newyorker.com/business/currency/the-biggest-filer-of-copyright-lawsuits-this-erotica-web-site

instant action against "John Doe subscriber assigned IP address 96.58.134.12" (Doc. 1.).

Malibu Media issued a subpoena to Bright House Networks, which identified subscriber Angel Roldan at an address in Saint Petersburg, Florida.

Malibu Media's attorneys ran a LexisNexis Accurint® search on Angel Roldan and learned he had a son named Roberto. Based on that search, they speculated (wrongly) that Roberto[2] lived at his father's address in St. Petersburg. (Doc. 42 at 1.)

In reality, however, Roberto lived in Tampa.

Rather than independently verifying the results of the Accurint® report through a competent investigator, Malibu Media looked at Roberto's public Facebook page to see that Roberto "liked" eight of the 2514 television shows, movies, etc. that Malibu Media's German agent had listed as being allegedly downloaded from IP address 96.58.134.12 (Doc. 8 at 6.) Even though these titles, including *Breaking Bad*, *Scrubs*, *Lost*, and *Star Wars*, were also liked by tens of millions of others, Roberto's having "liked" them was enough "evidence" for Malibu Media to accuse Roberto of downloading Malibu Media's (wholly unrelated) content.

On April 3, 2014, Malibu Media amended the complaint to name Roberto as Defendant. (Doc. 8.) It labeled Roberto "a persistent online infringer of Plaintiff's copyrights" (Doc. 8 at 1) and sued

---

[2] To avoid confusion, the parties' first names are used.

him, pursuant to the Copyright Act, for $150,000 for the allegedly "willful" infringement of each of 40 videos — **a total of $6 million** — plus attorney's fees and costs.

Malibu Media issued a summons to Roberto at his father's address in St. Petersburg. (Doc. 10.) The process server attempted service on Roberto at his father's address and was told Roberto did not live there (Doc. 13 at 1, Affidavit of Process Server, Ana Castillo, stating, "INFORMED THE DEFENDANT DOES NOT RESIDE HERE. SERVED AT ANOTHER LOCATION.").

On June 27, 2014, Roberto responded to the complaint with a motion to dismiss explaining that he "did not actually reside in the home where the Internet connection existed for the subject IP address" (Doc. 16 at 3).

On July 28, 2014, Roberto served onto Malibu Media documented proof he resided in Tampa — not St. Petersburg — throughout the entire period of alleged downloads.

Malibu Media continued the case. It served Roberto with stock interrogatories that questioned Roberto about his own home, asking him, for example, to identify the routers and computers in his home, and who lived there – obviously irrelevant to a lawsuit centered around an IP address located at his father's home.

On August 15, 2014, Roberto filed an answer that asked the district court to dismiss the complaint and award him his attorney fees as "prevailing party" pursuant to 17 U.S.C. § 505. (Doc. 27 at

5-6.) As an affirmative defense, Roberto pleaded that he "has not infringed Plaintiff's work as alleged in Plaintiff's complaint, nor has Defendant even attempted to download Plaintiff's work. Defendant is not the account holder associated with the I.P. address, nor does he live at the address associated with the I.P. address." (Doc. 27 at 5-6.)

On or about October 2, 2014, Roberto served Plaintiff with interrogatory answers expressly and repeatedly stating he did not reside at the address at issue in the complaint. (Doc. 43-2.) He emphasized he "did not utilize the IP address identified in the lawsuit during the relevant time period." (Doc. 43-2 at 18-19, #17 & 18.)

Despite Roberto's repeated assertions that he did not reside at the address in question, Malibu Media continued to accuse Roberto of having downloaded 40 of its pornographic videos from the St. Petersburg address at various times on August 18, 21, 24, 26, and 29; September 8, 9, 12, 13, 21, 23, 29, and 30; October 5, 6, 9, 11, 12, 18, 19, 20, 21, 23, 25, and 27; and November 2, 4, and 7, 2013. (Doc. 8-1.) An examination of the "hit times," indicates that whoever (if anyone) did download the videos had to have had regular, near constant, access to the router. For instance, hit times included Friday, September 6, 2013, at 7:31 p.m. EST; the following Sunday, September 8, 2013, at 1:17 a.m. EST, 9:10 a.m. EST, and 9:13 a.m. EST; and Monday, September 9, 2013, at 12:32 p.m. EST (Doc. 8-1 at 2.) Such times are not indicative of an occasional visitor but

implicate either a neighbor or resident. Regardless, Malibu Media continued to accuse Roberto of having downloaded its movies.

On January 19, 2015, Roberto moved for summary judgment. (Doc. 36.) Therein, he included copies of class schedules and witness affidavits showing that at the times he was accused of downloading the videos, he was either in class, work, or elsewhere.

On February 5, 2015, Malibu Media filed an opposition, arguing that it still needed an opportunity to conduct discovery. (Doc. 42.)

On February 10, 2015, the district court deferred ruling on Roberto's motion for summary judgment to allow Malibu Media to conduct depositions of Roberto and his parents. (Doc. 45.)

On February 16, 2015, Malibu Media deposed Roberto and his parents. After the depositions, its attorneys finally conceded they had sued the wrong person.

On Tuesday, February 17, 2015, after deposing Roberto and his parents, Malibu Media offered Roberto to stipulate to dismissal, but only if he would also dismiss his claims of prevailing-party attorney's fees. (Doc. 54-4.) Roberto agreed to a dismissal — if it were with prejudice and on the merits. Malibu Media would not, however, agree.

On Wednesday, February 18, 2015, the parties appeared at a discovery hearing. Malibu Media's counsel admitted it had indeed sued the wrong person and intended to dismiss Roberto but hoped to substitute parties. Tr. at 4:3-7.

On February 19, 2015, Malibu Media moved to drop Roberto and substitute Angel Roldan in his place. (Doc. 53.) It conceded that discovery "corroborates Roberto's claims that . . . he did not reside in Angel's house or have access to Angel's internet during the period of [alleged] infringement." (Doc. 53 at 1.)

In opposition, Roberto argued that Malibu Media's motion, filed just a week before the close of discovery and after Roberto had moved for summary judgment was "a desperate attempt to avoid having Roberto declared 'prevailing party'" under the Copyright Act (Doc. 54 at 15) and that allowing Malibu Media to simply replace him might nullify Roberto's claim for attorney's fees and costs. (Doc. 54 at 16.)

On February 26, 2015, the district court allowed Malibu Media, pursuant to Rule 15, "to amend its complaint to add Angel Roldan as a defendant to this case." (Doc. 58 at 2.) "However, the Court will not permit Malibu Media to drop Roberto Roldan as a party to this action. His Motion for Summary Judgment will be held in abeyance until further order of this Court." (Doc. 58 at 2.)

On March 5, 2015, Malibu Media filed a second amended complaint (Doc. 61) adding Angel Roldan as a party Defendant; however, said complaint did not include Roberto.

On March 30, 2015, Roberto moved to show cause why Malibu Media should not be held in contempt for willfully violating the court's order requiring it to not drop Roberto Roldan as a defendant. (Doc. 75.) Roberto asked, among other things, that the district court enter

a final judgment, on the merits, in Roberto's favor as to the first amended complaint, either by granting Roberto's motion for summary judgment or entering a dismissal with prejudice, and declaring Roberto "prevailing party" and entitled to an award of attorney's fees pursuant to 17 U.S.C. § 505. (Doc. 75 at 14.)

On April 24, 2015, during a hearing, Malibu Media's attorney said that he could not "plead a claim of copyright infringement against [Roberto] consistent with my [his] ethical obligations under Rule 11," Tr. 4:18-20, and that Plaintiff did not "have the knowledge to make a claim against Roberto consistent with Rule 11." Tr. at 5:20-21. Plaintiff's counsel acknowledged that Roberto "was working and didn't have access to the instrumentality of infringement, namely his father's Internet." Tr. at 6:1-3.

During the hearing, the court suggested that the newly named defendant, Angel, "could always point the finger back at the son, right?" Tr. at 5:7-8. Malibu Media's attorney responded that "it might not be proper to dismiss him [Roberto] now, as a lot of people do sometimes . . . cross fingers." Tr. at 5:10-11.

The court decided that he was "going to make the amended complaint an amendment to the complaint so the son and the father are both Defendants. If you now want to dismiss the son, and make your dismissal contingent upon his information being true, then if it turns out later not to be true something can be done about that." Tr. at 8:12-17.

On April 27, 2015, in a written order, the district court ordered that the Second Amended Complaint would be construed as a "supplement" to Plaintiff's First Amended Complaint and that Roberto was dismissed without prejudice. (Doc. 90.)

Malibu Media continued litigation against Angel.

On January 21, 2016, the Mediator filed a notice that the parties (*i.e.* Malibu Media and Angel) had settled their claims.

On January 22, 2016, the district court entered:

> The Court has been advised by Plaintiff's counsel Daniel Shatz that the above-styled action had been settled. Accordingly, pursuant to Local Rule 3.08(b), M.D. Fla, it is ORDERED AND ADJUDGED that this cause is hereby DISMISSED without prejudice and subject to the right of the parties, within sixty (60) days of the date of this order, to submit a stipulated form of final order or judgment should they so choose or for any party to move to reopen the action, upon good cause shown. After that 60-day period, however, dismissal shall be with prejudice. All pending motions, if any, are DENIED as moot . . . .

(Doc. 115.)

On March 21, 2016, Roberto moved for clarification to determine whether the claims against Roberto, as well as Angel, would be dismissed with prejudice at the expiration of the 60 days. (Doc. 116.) In the alternative, Roberto moved the district court to reopen the case and enter a final judgment of dismissal with prejudice in favor of Roberto. (Doc. 116.)

On April 1, 2016, the district court entered an order granting in part and denying in part Roberto's Motion for Clarification, or in the alternative, Motion to Reopen Case for Entry of Dismissal with Prejudice. (Doc. 117.) The district court granted the motion for clarification and provided the following explanation: "the Court's January 21, 2016 dismissal order applied to the parties to the cause of action; those parties were Plaintiff Malibu Media, LLC and Defendant Angel Roldan. Former defendant Roberto Roldan remains dismissed, as he was then, without prejudice." (Doc. 117 at 2.) As for the motion seeking to reopen the case or to add Roberto Roldan as a defendant, the district court denied Roberto's motion. (Doc. 117 at 2.)  It also noted, that as 60 days had passed since the order of dismissal, that the case against Angel Roldan was now dismissed with prejudice. (Doc. 117 at 2.)

## SUMMARY OF THE ARGUMENT

I.   The court abused its discretion in refusing to rule on Roberto's
motion for summary judgment.  The plain language of Rule 56(c)
mandates the entry of summary judgment, after adequate time for
discovery and upon motion, against a party who fails to make
a showing sufficient to establish the existence of an element
essential to that party's case, and on which that party will
bear the burden of proof at trial.  Roberto filed a motion for
summary judgment demonstrating that he could not have been the
infringer as he did not have access to the IP address during
the period of infringement.  After the court stayed ruling on
the motion for summary judgment so that Malibu Media could
conduct depositions of Roberto and his parents, Malibu Media
admitted to the court that Roberto was not the infringer.  In
light of the clear evidence that Malibu Media could not prove
its case against Roberto, the court had an obligation to grant
summary judgment in favor of Roberto.  Its failure to do so was
an abuse of discretion.

II.  Courts must consider whether adding a party to a complaint will
cause undue prejudice to another party. When Malibu Media
substituted Angel Roldan for Roberto Roldan, by adding Angel
pursuant to Rules 15 and 21, Federal Rules of Civil Procedure,
it prejudiced Roberto because he could not be considered the
prevailing party. Malibu Media brought this action for

infringement against Roberto even though, from the beginning, it was presented with proof that Roberto did not reside at the house associated with the IP address. After 10 months of litigation, and considerable time and expense expended in discovery and motions to the court, Malibu Media admitted that Roberto was not the infringer, but instead of dismissing him with prejudice, it asked the court to merely swap out parties. The result was that Roberto was not considered the prevailing party, and was unable to clear his name or obtain attorney's fees. As the court failed to consider this considerable prejudice to Roberto, it abused its discretion when it added Angel as a party.

III.    In ruling on Roberto's Motion for an Order to Show Cause against Malibu Media, for failing to abide by the court order requiring it to maintain Roberto as a party defendant, the court entered an erroneous order finding Malibu Media to not be in violation of its order by construing Malibu Media's Second Amended Complaint as a supplement to its First Amended Complaint (Doc. 8) thereby retaining Roberto Roldan as a party to the action. A district court abuses its discretion if it applies the law in an unreasonable or incorrect manner. First, the Court applied the law in an unreasonable manner because Malibu Media agreed in its response that it had indeed dropped Roberto as a defendant from its copyright infringement cause of action.

Second, the court applied the law in an incorrect manner as case law clearly indicates that the Second Amended Complaint would have replaced the First Amended Complaint, not supplemented it. As such, the court abused its discretion in denying Roberto's motion for order to show cause against Malibu Media.

IV.  The trial court abused its discretion in dismissing Roberto without prejudice because, in doing so, Roberto lost the right to be determined prevailing party.  In ruling on a motion to dismiss pursuant to Rule 41(a)(2), Federal Rules of Civil Procedure, the court must keep in mind the interests of the defendant, because Rule 41(a)(2) exists chiefly for protection of defendants.A dismissal without prejudice should be denied where the defendant will suffer plain legal prejudice.  The crucial question to be determined is whether the defendant will lose any substantial right by the dismissal.  After Malibu Media pursued litigation against Roberto, publicly branding him as a persistent downloader of pornography, and in blatant disregard of the exonerating evidence, Roberto had the right to be declared prevailing party and seek his attorney's fees.  By denying Roberto this clear legal right, the court abused its discretion in dismissing Roberto without prejudice.

V.  The district court improperly relied upon the interests of the Plaintiff and did not consider the prejudice to the Defendant, Roberto,  when  it  permitted  dismissal  without  prejudice

"conditioned upon [defendant's] testimony being truthful." Upon a plaintiff's motion to dismiss without prejudice the equities of the plaintiff are not a subject for consideration. The terms and conditions which the court may impose are for the protection of the rights of the defendant.    The court improperly imposed a condition upon the dismissal, which was solely for the protection of the Plaintiff.  Instead, any conditions imposed should have been for the protection of the Defendant.  As such, the district court abused its discretion.

**VI.**    The Court abused its discretion in denying Roberto's Motion to Reopen the Case when it failed to provide legal reasoning for its holding.  Discretionary choices are not left to a court's inclination, but to its judgment; and its judgment is to be guided by sound legal principles.  At a minimum, the district court must listen to a party's arguments and give reasons for its decision. The court abused its discretion in failing to reopen the case against Roberto and grant him his attorneys fees as the court provided no reasons for its denial and Roberto had a clear right to his attorney's fees after the considerable time and expense he incurred due to Malibu Media's pursuit of Roberto in blatant disregard of the exonerating evidence.  As such, the district court abused its discretion.

## ARGUMENT

**VII. The trial judge abused his discretion in refusing to rule on Roberto's motion for summary judgment when both parties agreed that Roberto could not have committed the infringement.**

"[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Ala. Legislative Black Caucus v. Ala.*, 2:12-CV-1081, 2013 WL 1397139, at *4 (M.D. Ala. 2013) (noting the mandatory nature of the language in Rule 56(a), that a court "shall" grant a summary judgment if the movant meets the summary judgment standard).

"If the Court is convinced that no reasonable jury could return a verdict in [the non-moving party's] favor, the Court has a duty to grant summary judgment." *Oravec v. Sunny Isles Luxury Ventures L.C.*, 469 F. Supp. 2d 1148, 1169 (S.D. Fla. 2006) *aff'd,* 527 F.3d 1218 (11th Cir. 2008). "Where it appears [] that there is no genuine issue as to any material fact upon which the outcome of the litigation turns, ... it becomes the *duty of the court* to enter [summary] judgment." *Whelan v. N.M. W. Oil & Gas Co.*, 226 F.2d 156, 159 (10th Cir. 1955) (emphasis added). "Summary judgment *must be granted* when the moving party demonstrates that there is no genuine dispute as to any material fact." *RPM Pizza v. Bank One Cambridge*, 869 F. Supp.

517, 518 (E.D. Mich. 1994) (emphasis added) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986)); *SMS Mfg. Co. v. U. S. Mengel Plywoods*, 219 F.2d 606, 608 (10th Cir. 1955) ("If it affirmatively appears ... that there is no genuine issue as to any material fact upon which the outcome of the litigation depends ... it becomes *the duty of the court to enter [summary] judgment*."); *Bond Distrib. Co. v. Carling Brewing Co.*, 32 F.R.D. 409, 415 (D. Md. 1963) ("Where there is no genuine issue as to any material fact, it is the duty of the Court to grant a motion for summary judgment.")

On January 19, 2015, Roberto filed his Motion for Summary Judgment, explaining that he could not have committed the copyright infringement because he did not have access to the IP address in question during the period of infringement. (Doc. 36.) On February 5, 2015, Malibu Media filed its response, requesting additional time to conduct discovery, including deposing Roberto's parents, in order to determine whether Roberto had access to the IP address. (Doc. 42.) In response, the court entered an order delaying ruling on Roberto's Motion for Summary Judgment until after the discovery deadline, March 2, 2015. (Doc. 45.) After Malibu Media conducted the deposition of Roberto's parents, Angel and Gladys Roldan, Malibu Media confirmed the basis for Defendant's motion for summary judgment, that "[Roberto] did not reside in Angel's house or have access to Angel's internet during the period of infringement." (Doc. 53 at 1.) Feeling the walls begin to close in, Malibu Media moved the court to substitute Angel

as the party defendant in place of Roberto. (Doc. 53.)  Roberto filed his response memorandum, and therein, specifically requested the district court rule on his Motion for Summary Judgment. (Doc. 54.) On February 26, 2015, the district court entered an order finding that Plaintiff confirmed Defendant's summary judgment evidence was correct, that he could not have accessed the IP address during the period of infringement. (Doc. 58 at 1.)  Nevertheless, the district court held Defendant's Motion for Summary Judgment in abeyance. (Doc. 58.)

However, the court had a duty to enter summary judgment in favor of Roberto as the evidence clearly established, and Malibu Media confirmed, that Roberto could not have committed the infringement as alleged in the complaint.  As such, this Court should find that summary judgment should have been entered in Defendant's favor in the trial court below and that the lower court's refusal to do so was a clear abuse of discretion.

**VIII.    The district court abused its discretion when it entered an order (Doc. 58) permitting Malibu Media to amend its complaint to add Angel Roldan as a defendant despite the detrimental and prejudicial effect on Roberto.**

"On motion or on its own, the court may at any time, **on just terms**, add or drop a party." Fed. R. Civ. P. 21 (emphasis added). "Although leave to amend is freely given when justice so requires, it is not an automatic right." *Muhammad v. Sapp*, 494 Fed. Appx. 953, 958 (11th Cir. 2012).  In deciding whether to allow a party

to amend a complaint, courts may consider "undue prejudice to the opposing party by virtue of allowance of the amendment." *Foman v. Davis*, 371 U.S. 178 (1962); *Muhammad*, 494 Fed. Appx. at 958.

"The Court must consider whether permissive joinder 'will comport with the principles of fundamental fairness' or cause undue prejudice to any party. *Wright v. Edmond*, 1:15-CV-208-MP-GRJ, 2015 WL 10710283, at *1-2 (N.D. Fla. 2015) *report and recommendation adopted,* 1:15-CV-00208-MP-GRJ, 2016 WL 1599483 (N.D. Fla. 2016) (quoting *Malibu Media, LLC v. John Does 1-5*, No. 12-cv-1405-WJM, 2012 WL 3030300, *3 (D.Colo. July 25, 2012); citing *Desert Empire Bank v. Ins. Co. of N.A.,* 623 F.2d 1371, 1375 (9th Cir. 1980); *Intercon Research Assoc., Ltd. v. Dresser Indus.,* 696 F.2d 53, 58 (7th Cir. 1982) (permissive joinder should be denied where it would create undue prejudice, expense, or delay)).

"In practical terms, there is little difference between Rules 15, 20, and 21. Indeed, it is well established that after a responsive pleading has been served, the standards for adding parties are the same whether the motion is made under Rule 15 or Rule 21." *Bayatfshar v. Aeronautical Radio, Inc.*, 934 F. Supp. 2d 138, 142-43 (D.D.C. 2013) (internal quotations omitted) (citing *Boyd v. District of Columbia*, 465 F. Supp. 2d 1, 3 n.3 (D.D.C. 2006) (quoting *Oneida Indian Nation of N.Y. State v. Cty. of Oneida*, 199 F.R.D. 61, 72 (N.D.N.Y. 2000); *Wiggins v. Dist. Cablevision, Inc.*, 853 F. Supp. 484, 499 n.29 (D.D.C. 1994))).

By adding Angel Roldan to the case, the case was permitted to continue, and Roberto was unable to clear his name of being accused of downloading pornography, unable to be named "prevailing party," and unable to see the $6 million case against him be resolved on the merits.  Because adding Angel caused undue prejudice to Roberto, the court should have denied Malibu Media's request to add Angel as a defendant.

**A. From the outset, the court disregarded principles of "fairness" in allowing Malibu Media to file the instant action against Roberto, as Malibu Media lacked sufficient factual evidence to support its claims.**

Malibu Media conducted an "initial investigation of the information provided by the ISP," and concluded "that the infringer is not the subscriber of the internet service but another individual residing at the subscriber's home." (Doc. 6 ¶ 3, emphasis added.) In reality, that "initial investigation" was a matter of chance; Malibu Media had merely run an Accurint® report. *See* Doc. 53 at 2 ("because LexisNexis's Accurint database identified Roberto as residing at Angel's house until January of 2014 . . . Plaintiff established a reasonable prima facie basis for believing that Roberto was the most likely infringer.")  Plaintiff's heavy reliance on the Accurint® report was Plaintiff's first major error. The incorrect report led Malibu Media to Roberto, who had moved out of his parent's home about a year before the alleged infringements. Malibu Media,

however, strongly relied on this misinformation, despite LexisNexis's
warnings, such as:

> Due to the nature of the origin of public record
> information, the public records and
> commercially available data sources used in
> reports may contain errors. Source data is
> sometimes reported or entered inaccurately,
> processed poorly or incorrectly, and is
> generally not free from defect. This product or
> service aggregates and reports data, as
> provided by the public records and commercially
> available data sources, and is not the source
> of the data, nor is it a comprehensive
> compilation of the data. **Before relying on any
> data, it should be independently verified.**

Accurint®          for          Legal          Professionals,
http://www.lexisnexis.com/enus/products/accurint-for-legal-professi
onals.page (emphasis added).

   Rather than independently verifying the results through a
competent investigator, Malibu Media looked at Roberto's public
Facebook page to see that Roberto had "liked" seven or eight television
shows out of the 2514 television shows, movies, and other media
Plaintiff's German agent had allegedly detected being downloaded from
the same IP address. (Doc. 8 ¶¶ 24-38; Tr. at 6:5-9.)  Though these
titles, including such hits as *Breaking Bad*, *Scrubs*, *Lost*, and *Star
Wars*, were also liked by tens of millions of others, Roberto's having
liked them was enough "evidence" for Malibu Media to accuse him of
downloading its wholly unrelated movies via BitTorrent. Malibu
Media's practice of correlating Facebook "likes" with copyright

infringement, given the enormous popularity of the subject titles "liked" by Roberto, appears more to be a game of chance than a competent investigation. Regardless, the court's subsequent acquiescence in allowing Malibu Media to name Roberto as a Defendant despite Malibu Media's questionable initial investigation demonstrates the court's disregard for principals of "fairness" from the outset of the instant action.

### B. Despite the insufficient factual evidence, Malibu Media insisted on filing a $6 million complaint against Roberto accusing him of illegally downloading pornography.

On April 3, 2014, Malibu Media filed its amended complaint (Doc. 8), which dropped the never-served "John Doe" (Angel) and added Roberto as Defendant. Within its amended complaint, Roberto, a college student and Fulbright scholar at the dawn of his career, was suddenly labeled "a persistent online infringer of Plaintiff's copyrights" (Doc. 8 ¶ 2), pornographic "X-Art" videos published on Malibu Media's website, www.xart.com. Rather than having any sort of discrete "brown wrapper," xart.com immediately affronts viewers with images of vulgarity, complete with naked penises, shaved vaginas, gaping mouths, and bare bodies in various sexual positions. The content is embarrassing, especially when a defendant is named in a public civil action as having downloaded it illegally and willfully. For the alleged "willful" copyright infringement of each of the 40 works, Malibu Media sought $150,000 — a total of $6 million — plus attorney's fees and costs. (Doc. 8 at 8.) By being wrongly

and publicly dubbed an illegal downloader of Malibu Media's obscenities, Roberto's name was begrimed. Had the court looked closer into Malibu Media's act of dropping the never-served "John Doe," who, after considering all evidence is, and always should have been Angel Roldan, and adding Roberto as a Defendant, it may have recognized Malibu Media's insufficient factual evidence linking Roberto to the alleged acts of infringement, not to mention the inherent prejudice that comes with being associated with such pornographic materials.

**C. Even recognizing Roberto had been wrongly sued, the court furthered its disregard for principals of "fairness" and prejudice to Roberto by discounting Roberto's motion for summary judgment and allowing Malibu Media to add Roberto's father, Angel.**

After Roberto moved for summary judgment, Malibu Media was figuratively caught with its pants down. Yet, Malibu Media would not stipulate to dismissal with prejudice or move to dismiss the claims because it had a self-interest in trying to avoid paying Roberto's cost of defending against the $6 million, wrongly raised lawsuit. Therefore, on February 19, 2015, as if to say, "oops, wrong party!" Malibu Media deflected its allegations back onto Roberto's father by moving, pursuant to Rules 15 and 21, to add Angel and "dropping" Roberto (Doc. 53). Ironically, however, Malibu Media was really asking the court to *re-add Angel* as a party after having already dropped him when adding Roberto. On November 27, 2013, when Malibu Media had filed its original complaint (Doc. 1), the original

Defendant was "John Doe [Internet] subscriber assigned IP address 96.58.134.12": Angel.

Here, it was clear, by Malibu Media's own admission, that it had not sued the right Defendant. Roberto had already litigated for nine months and had filed a motion for summary judgment. If anyone was deserving of an end to the litigation — on the merits, with prejudice — it was Roberto. In ruling on Malibu Media's Motion for Leave to Substitute Party Defendant, the court stated,

> This Court deferred ruling on the Defendant's Motion for Summary Judgment (Dkt.#36) until the Plaintiff had an opportunity to complete its proposed depositions. Plaintiff deposed the Defendant and his parents, Angel and Gladys Roldan. Plaintiff represents in this Motion that the deposition testimony corroborates the Defendant's evidence submitted in support of his Motion for Summary Judgment demonstrating that he did not have access to the IP address affiliated with the alleged infringement during the relevant time period.

(Doc. 58.) In the face of Malibu Media's own admission that Roberto could not have committed the infringements because he did not have access to the IP address under litigation, the court, nevertheless, held Roberto's motion for summary judgment in abeyance so Malibu Media could add Angel as a party. Considering Malibu Media's admitted mistake in suing the wrong party, it seems anything but "fair" for the court to grant Malibu Media a mulligan and allow it to add Angel

as a party as it was Malibu Media's own lack of due diligence that resulted in the initial error.

### D. By failing to consider the prejudice to Roberto, the court abused its discretion.

The court's ruling was an abuse of discretion because of the clear prejudice to Roberto, who — unable to clear his name of being accused of downloading pornography, unable to be named "prevailing party," and unable to see the $6 million case against him resolved on the merits — was forced to wait in the wings while Malibu Media continued its case against Angel. This prejudice to Roberto should have prevented the court from permitting Malibu Media to amend its complaint to add Angel. However, the court failed to consider whether adding Angel would "comport with the principles of fundamental fairness' or cause undue prejudice" to Roberto. *Wright*, 1:15-CV-208-MP-GRJ, 2015 WL 10710283, at *1-2. Because Roberto clearly was not liable for the allegations in the complaint, any continued inclusion of him as a litigant would create undue prejudice and expense to Roberto, not to mention delay in him being named prevailing party. As such, the joinder of Angel should not have been permitted. *Intercon Research Assoc., Ltd.,* 696 F.2d at 58. Because adding Angel caused undue prejudice to Roberto, the court should have denied Malibu Media's request to add Angel as a defendant.

**IX. The district court erred in refusing to hold Malibu Media in contempt and, instead, construed the second amended complaint as a "supplement" to the first amended complaint, when Malibu Media by intentionally and purposefully omitted Roberto from the entire body of its second amended complaint (Doc. 61) in willful violation of the district court's order requiring it not to drop Roberto as a defendant (Doc. 58).**

The Eleventh Circuit reviews the denial of a motion for contempt under the abuse of discretion standard. *McGregor v. Chierico*, 206 F.3d 1378, 1383 (11th Cir. 2000).

On February 26, 2015, the court ordered Malibu Media to not drop Roberto from its complaint. (Doc. 58 at 2.) In violation of the court's order, on March 5, 2015, Malibu Media filed its second amended complaint, which dropped Roberto as a defendant. (Doc. 61.) Roberto moved for contempt against Malibu Media for violating the court's order. (Doc. 75.) Instead of finding Malibu Media in violation of the court's order, on April 27, 2015, the court entered an order construing Plaintiff's Second Amended Complaint (Doc. 61) as a supplement to Plaintiff's First Amended Complaint (Doc. 8), thereby retaining Roberto as a party to the action and denying his motion for contempt (Doc. 75) as moot. (Doc. 90.) In the same order, the court permitted Malibu Media to "dismiss Roberto Roldan without prejudice conditioned upon his testimony being truthful." (Doc. 90.)

### A. Roberto presented uncontroverted evidence that Malibu Media had violated the court's order.

"On a contempt motion, the movant bears the initial burden of proving, by clear and convincing evidence, the defendant's

noncompliance with a court order. After the movant satisfies this burden, the burden shifts to the alleged contemnor to explain his noncompliance at a show cause hearing." *Thomas v. Blue Cross & Blue Shield Ass'n*, 594 F.3d 814, 821 (11th Cir. 2010) (internal citations and quotations omitted).

Roberto presented uncontroverted evidence that Malibu Media dropped him as a defendant. (Doc. 75.) Roberto demonstrated that removing him from the body of the complaint, and merely maintaining him in the caption resulted in his removal as a party. (Doc. 75 at 5 (citing *Lundgren v. McDaniel*, 814 F.2d 600, 605 (11th Cir. 1987); 5 C. Wright & A. Miller, Fed. Prac. & Proc. § 1321, pp. 458–59 (1969)).)

Malibu Media did not deny that it indeed dropped Roberto from its cause of action for copyright infringement. (Doc. 78 at 1.) Rather, it argued that it kept Roberto as a "nominal defendant." (Doc. 78 at 1.) This argument was clearly an afterthought, constructed as an excuse to explain why it dropped Roberto as a defendant from the copyright infringement cause of action.

Roberto does not fit the definition of a nominal defendant. As explained in Roberto's Reply, a nominal defendant is a "trustee, agent, or depository." *S.E.C. v. Founding Partners Capital Mgm't*, 639 F. Supp. 2d 1291, 1294 (M.D. Fla. 2009) (citation omitted). A nominal defendant is made "part of a suit only as the holder of assets that must be recovered in order to afford complete relief." *Id.* at 1293 (citation omitted). A person may be named a nominal defendant

only where he "(1) has received ill-gotten funds, and (2) does not have a legitimate claim to those funds." *Id.* Therefore, Malibu Media's afterthought argument that it had maintained Roberto as a nominal defendant was patently incorrect.

As shown, Malibu Media indeed agreed that it had dropped Roberto as a defendant from its copyright infringement cause of action, and its argument that it had kept Roberto as a nominal defendant was legally incorrect.

### B. The court misapplied the law in failing to find Malibu Media in contempt and construing the second amended complaint as a "supplement."

"A district court abuses its discretion if it applies an incorrect legal standard, applies the law in an unreasonable or incorrect manner, follows improper procedures in making a determination, or makes findings of fact that are clearly erroneous." *Thomas v. Blue Cross & Blue Shield Ass'n*, 594 F.3d 814, 821 (11th Cir. 2010) (quoting *Citizens for Police Accountability Political Comm. v. Browning*, 572 F.3d 1213, 1216-17 (11th Cir. 2009).)

In ruling on Roberto's Motion for an Order to Show Cause against Malibu Media (Doc. 75), the court found Malibu Media to not be in violation of its order by construing Malibu Media's Second Amended Complaint (Doc. 61) as a supplement to its First Amended Complaint (Doc. 8), thereby retaining Roberto as a party to the action and denying his motion for contempt (Doc. 75) as moot. (Doc. 90.)

This order was erroneous for two reasons. First, it applied the law in an unreasonable manner because Malibu Media agreed in its response that it had indeed dropped Roberto as a defendant from its copyright infringement cause of action. Second, the court applied the law in an incorrect manner, as case law clearly indicates the second amended complaint would have replaced, not supplemented, the first amended complaint.

**1.    The court applied the law in an unreasonable manner.**

To begin, Malibu Media acknowledged that it had indeed removed Roberto as a Defendant from its copyright infringement cause of action: "Plaintiff's Second Amended Complaint merely fails to allege Roberto infringed." (Doc. 78 at 1.) It is evident from the court's order that it did not find Malibu Media's argument that Roberto was a "nominal defendant" to be persuasive, as it did not entertain such a finding. Rather, to possibly circumvent a finding of contempt and show that Roberto was not dropped as a defendant, the court chose to construe the Second Amended Complaint as a *supplement* to the First Amended Complaint, which included Roberto as a defendant to the copyright infringement cause of action.

Such a finding is unreasonable, especially considering Malibu Media's admission that it *intentionally* omitted Roberto as a defendant from the copyright infringement cause of action. In the hearing, Malibu Media's attorney asserted he could not "plead a claim of copyright infringement against [Roberto] consistent with [his]

ethical obligations under Rule 11 . . . ." Trans. at 5:18-20.
Furthermore, the "second amended complaint" (Doc. 61) wholly
contradicts the first amended complaint (Doc. 8.) On the face of the
second amended complaint itself, Malibu Media goes as far as to explain
that the first amended complaint had been filed against the wrong
defendant:

> Plaintiff originally brought this action
> against Roberto Roldan . . . .[, but
> he] provided Plaintiff with bank statements,
> class schedules, and work schedules that
> indicated that he did not visit Angel Roldan's
> home during the time of infringement. Subsequent
> depositions determined that Defendant, Angel
> Roldan, and not Roberto Roldan, had access to
> the instrumentality of infringement during the
> time of infringement.

(Doc. 61 at 5, ¶ 28-31.)

In a twisted attempt at blame-shifting (in a wholly frivolous
attempt to claim fees under the "Wrongful Act Doctrine") Malibu Media
then blamed Angel Roldan for purportedly leading it astray, as if
Angel had caused Malibu Media to pursue its (admittedly) invalid
claims against Roberto:

> [Angel's] direct copyright infringement of
> [Malibu Media's] works placed [Malibu Media] in
> litigation against [Angel's] son, Roberto
> Roldan, and directly caused Plaintiff to incur
> substantial attorney's fees and costs to protect
> its copyrights. . . .
>
> Roberto Roldan has informed [Malibu Media] he
> intends to move for his fees against [Malibu
> Media] under the attorney's fees clause of the

Copyright Act for defending the action Plaintiff brought against him and which was caused by Defendant's acts of copyright infringement.

[Angel] has known that [Malibu Media] was pursing [*sic*] this action for copyright infringement since January 2014. Defendant was aware of [Malibu Media's] intention to sue Roberto Roldan for [Angel's] tortious conduct since May 2014 when Plaintiff tried to serve Roberto Roldan at Defendant's address.

[Angel] allowed [Malibu Media's] suit against Roberto Roldan to continue and the parties to engage in substantial litigation expenses knowing that he caused Plaintiff's injuries.

[Malibu Media] is entitled to recover its reasonable costs and attorney's fees under the Wrongful Act Doctrine and, if applicable, any costs and fees it owes third parties as a result of litigation against Roberto Roldan.

(Doc. 61 at 6, ¶¶ 34-38.)

Therefore, it was wholly unreasonable, where Malibu Media openly admitted — even on the face of the second amended complaint — that Roberto did not do the acts alleged, for the court to allow Malibu Media to "supplement" its fist amended complaint against Roberto when the contradictory language of the second amended complaint clearly alleged that Angel, not Roberto, was the defendant Malibu Media wished to sue.

## 2.    The court applied the law incorrectly.

Next, the court applied the law incorrectly when it mischaracterized Malibu Media's Second Amended Complaint as a "supplement" to its First Amended Complaint rather than an amendment.

A supplemental pleading differs from an amended pleading because it relates to matters occurring *subsequent* to the filing of the initial complaint. Fed. R. Civ. P. 15(d); see also *Lussier v. Dugger*, 904 F.2d 661, 670 (11th Cir. 1990). Rule 15(d) allows the court — "on motion and reasonable notice" — to permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). "A supplemental pleading is not to set forth newly discovered evidence which would justify a new trial, it is rather to bring into the record new facts which will enlarge or change the kind of relief to which a plaintiff is entitled." *Popovitch v. Kasperlik*, 76 F. Supp. 233, 238 (W.D. Pa. 1947) (citing *S. Pacific Co. v. Conway*, 115 F.2d 746 (9th Cir.)). Where the facts underlying a claim in a subsequently filed complaint took place *before* the filing of an original complaint, the subsequently filed complaint is not a supplement, but an *amendment. E.g.*, *Human Genome Sciences, Inc. v. Kappos*, 738 F.Supp.2d 120 (D.D.C. 2010); see also *United States v. Hicks*, 283 F.3d 380, 385 (2002) (citing 6A Charles Alan Wright et al., *Fed. Prac. and Proc.* § 1504 (3d ed. 2010) (supplemental pleadings are used "to set forth *new* facts that *update* the original

pleading or provide the basis for *additional* relief; to put forward *new* claims or defenses based on events that took place *after* the original complaint or answer was filed; [and] to include new parties where *subsequent* events have made it necessary to do so." (emphasis added)).

Unlike supplemental pleadings, however, an amended pleading "supersedes the initial [pleading] and becomes the operative pleading in the case." *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1219 (11th Cir. 2007) (finding the amended complaint to supersede the original complaint after several parties were added and the complaint was amended several times). Unless the amended pleading "specifically refers to or adopts" the initial pleading, an amended complaint replaces an original complaint. *Paulo v. OneWest Bank, FSB*, 1:13-CV-3695-WSD, 2014 WL 3557703, at *7 (N.D. Ga. 2014). While this difference between an amended and a supplemental pleading is a technical matter of form, the district court's incorrect application of the law directly caused the denial of Roberto's Motion for an Order to Show Cause. (Doc. 75.) This denial resulted in undue prejudice to Roberto. Because it caused undue prejudice, the denial, and the incorrect application of law, was improper. *See Ala. v. U.S. Army Corps of Eng'rs*, 382 F. Supp. 2d 1301, 1308 (N.D. Ala. 2005) (leave to amend or supplement a pleading should be denied for reasons of undue delay, bad faith, repeated failure to cure, and undue prejudice to the opposing party); *cf. Schwarz v. City of Treasure Island*, 544

F.3d 1201, 1229 (11th Cir. 2008) (not an abuse of discretion to refuse to allow property owner to supplement complaint and expand scope of lawsuit with entirely new theory of recovery at late date, particularly where discovery was already well underway and property owner could raise the new claims in another lawsuit); *Nance v. Ricoh Elecs., Inc.*, 381 Fed. Appx. 919, 924 (11th Cir. 2010) (not an abuse of discretion to refuse to allow plaintiff to supplement complaint because doing so would not support the purpose of Rule 15(d) because it "would have the effect of beginning this case anew on entirely different footing, and in effect form an entirely distinct action.").

Here, it is clear on its face that the second amended complaint is not a supplement. It does not set out any transaction, occurrence, or event that happened *after* the first amended complaint, nor does it attempt to include a new party based on *subsequent* events. Rather, it sets out the same exact occurrences and events — at the same exact times — that were alleged in the first amended complaint (*Compare* Doc. 62-2 *with* Doc. 8-2, showing exact same "hit" dates and times). Moreover, the second amended complaint sets forth newly discovered evidence that required Malibu Media to serve and litigate against an entirely new, not previously included, Defendant. It did not simply change the relief or add to the relief against Roberto. It substituted Roberto for Angel, a different party, and did so solely because of events that occurred prior to the filing of its initial complaint. Furthermore, Malibu Media's second amended complaint

nowhere refers to, or otherwise adopts, its first amended complaint. *See* Doc. 61. Had the district court properly labeled Malibu Media's second amended complaint as an amended pleading and not a supplemental pleading, Roberto's Motion for an Order to Show Cause against Malibu Media (Doc. 75) would have been granted and Malibu Media held in contempt, as Malibu Media would no doubt struggle with providing the district court with a reasonable justification for directly violating its order (Doc. 58).

Therefore, the Second Amended Complaint did not supplement the First Amended Complaint, but rather, *replaced* it.  As such, the court applied the law incorrectly and abused its discretion in failing to find Malibu Media in contempt of its order barring it from dropping Roberto.

**X.    The district court abused its discretion when it entered an order (Doc. 90) dismissing Roberto without prejudice.**

A court's decision to allow a voluntary dismissal without prejudice is reviewed for an abuse of discretion. *Pontenberg v. Boston Sci. Corp.*, 252 F.3d 1253, 1255-56 (11th Cir. 2001).  "In exercising its discretion, the court must 'keep in mind the interests of the defendant, for Rule 41(a)(2) exists chiefly for protection of defendants.'" *In re Bayshore Ford Trucks Sales, Inc.,* 471 F.3d 1233, 1259 (11th Cir. 2006) (quoting *Fisher v. P.R. Marine Mgm't, Inc.,* 940 F.2d 1502, 1503 (11th Cir. 1991)).

A dismissal without prejudice should be denied when the defendant will suffer "plain legal prejudice." *Fisher*, 940 F.2d at 1503. "The crucial question to be determined is, Would the defendant lose any substantial right by the dismissal." *Pontenberg*, 252 F.3d at 1255 (citing *Durham v. Fla. E. Coast Ry. Co.,* 385 F.2d 366, 368 (5th Cir. 1967)). "The district court must 'weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate.'" *Id.* (citing *McCants v. Ford Motor Co., Inc.,* 781 F.2d 855, 857 (11th Cir. 1986). "The court may not impose conditions on the nonmoving party to protect the plaintiff from the consequences of the dismissal." 8-41 Moore's Federal Practice - Civil § 41.40 (citing *Cross Westchester Dev. Corp. v. Chiulli*, 887 F.2d 431, 432 (2d Cir. 1989) (district court could not dismiss on condition that non-moving defendant waive statute of limitations defense to RICO claim once action was refiled in state court)).

"A district court considering a motion for dismissal without prejudice should bear in mind principally the interests of the defendant, for it is the defendant's position that the court should protect." *McCants*, 781 F.2d at 856 (citing *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 604 (5th Cir. 1976)). "Where a defendant is the prevailing party in a copyright case, the presumption in favor of awarding fees to the defendant is very strong." *Katz v. Chevaldina*,

127 F. Supp. 3d 1285, 1297 (S.D. Fla. 2015), *appeal dismissed* (Oct. 5, 2015).

On Tuesday, February 17, 2015, after deposing Roberto and his parents, Malibu Media asked Roberto to stipulate to dismissal, but only if he would withdraw his claims of prevailing-party attorney's fees, which were sought pursuant to 17 U.S.C. § 505. (Doc. 116 at 5-6 (citing Doc. 54-4).) Roberto's attorney explained that a dismissal would need to be with prejudice and on the merits. Malibu Media continued to litigate. *Id.*

On February 19, 2015, Malibu Media filed a Motion for Leave to Substitute Party Defendant with the court. (Doc. 53.)  Therein, Malibu Media stated "discovery recently made available to Plaintiff corroborates Roberto's claims that, although he is a former BitTorrent user, he did not reside in Angel's house or have access to Angel's Internet during the period of infringement. It thus now appears that the infringer was Angel." (Doc. 53 at 1.) "[Defendant's counsel] actually *had* obtained additional exculpatory evidence that tended to show that Roberto would have been unavailable and physically incapable of committing the infringements using Angel's internet." (Doc. 53 at 3.) "While it may be true that someone uploaded Plaintiff's videos from the IP address in question, **such person was not Roberto.**" (Doc. 53 at 6 (emphasis added).)

Allowing Malibu Media to dismiss Roberto *without* prejudice, prejudiced his outstanding claim for attorney's fees and costs and

obliterated his request for same, which had been included in his motion for summary judgment. (Doc. 54 at 16.) By being dismissed *without* prejudice, the case against him was never adjudicated on the merits and he was never declared "prevailing party," which decision would be necessary to reclaim fees and costs under the Copyright Act. Roberto should be allowed an opportunity to obtain a judgment vindicating his position on the substantive merits of Malibu Media's allegations.

Roberto was forced to litigate this case without reason. The utility bills and payments receipts for his Tampa home, the housing report, and lease for his Tampa apartment that Roberto attached to his *initial* disclosures clearly showed that Roberto could not have committed the infringements. Malibu Media's stock discovery requests clearly reveal that Malibu Media had not looked at the initial disclosures when it sought discovery regarding Roberto's "home," which was his Tampa residence, and irrelevant to the case. (Doc. 54-1.)

Without a dismissal on the merits, the case against Roberto never properly came to a conclusion. As the Copyright Act only allows for fees to the "prevailing party," this result enabled Malibu Media to avoid paying Roberto's fees and costs, and improperly protected it from the consequences of its dismissal. As such, the court abused its discretion in dismissing Roberto without prejudice conditioned upon his testimony being truthful.

**XI.  The district court abused its discretion when it failed to place a condition on Roberto's dismissal under Rule 41(a)(2) or order Malibu Media to reimburse Roberto for at least a portion of his expenses of litigation.**

> A plaintiff ordinarily will not be permitted to dismiss an action without prejudice under Rule 41(a)(2) after the defendant has been put to considerable expense in preparing for trial, except on condition that the plaintiff reimburse the defendant for at least a portion of his expenses of litigation. Costs may include all litigation-related expenses incurred by the defendant, including reasonable attorneys' fees.

*McCants*, 781 F.2d at 860 (citing *LeCompte,* 528 F.2d at 603; 5 J. Moore, J. Lucas & J. Wicker, Moore's Fed. Practice § 41.06 (2d ed. 1985); 9 C. Wright & A. Miller, Fed. Practice & Proc. § 2366 (1971); *Am. Cyanamid Co. v. McGhee*, 317 F.2d 295, 298 (5th Cir. 1963); *Bishop v. W. Am. Ins. Co.,* 95 F.R.D. 494, 495 (N.D. Ga. 1982)).

"The decision of whether to grant a voluntary dismissal pursuant to Rule 41(a)(2), Fed. R. Civ. P., falls within the sound discretion of the district court." *Arias v. Cameron*, 776 F.3d 1262, 1268 (11th Cir. 2015). "Although the district court's decision is discretionary, that does not mean that the district court may do whatever pleases it." *Ameritas Variable Life Ins. Co. v. Roach*, 411 F.3d 1328, 1330 (11th Cir. 2005) (citing *Kern v. TXO Prod. Corp.*, 738 F.2d 968, 970 (8th Cir. 1984)). Instead, "the court has a range of choice, and [] its decision will not be disturbed as long as it stays within that range and is not influenced by any mistake of law." *Id*.

An abuse of discretion "can occur in three principal ways: [1] when a relevant factor that should have been given significant weight is not considered; [2] when an irrelevant or improper factor is considered and given significant weight; and [3] when all proper factors, and no improper ones, are considered, but the court, in weighing those factors, commits a clear error of judgment." *Id.* "In the federal courts, after answer, [] dismissals [without prejudice] should be granted only 'if no other party will be prejudiced.'" *Kern*, 738 F.2d at 970 (quoting 9 Wright & Miller, *Fed. Prac. & Proc. -- Civil* § 2362 (1971)). Prejudice to the defendant is a factor that should be considered by the court. *Id.* On the other hand, "upon a plaintiff's motion to dismiss without prejudice the equities of the plaintiff are not a subject for consideration under the rule. The terms and conditions which the court may impose are for the protection of the rights of the defendant." *Home Owners' Loan Corp. v. Huffman*, 134 F.2d 314, 317 (8th Cir. 1943) (citing *Ex parte Skinner & Eddy Corp.*, 265 U.S. 86, 93 (1924)). Decisions in which trial courts have denied a plaintiff's request to dismiss a case without prejudice have hinged on the prejudice to the defendant. *See, e.g., Stephens v. Ga. Dep't of Transp.,* 134 Fed. Appx. 320, 323 (11th Cir. 2005) (finding the two years between plaintiff's filing her complaint and her motion to dismiss, the numerous motions filed and discovery produced within that time and defendant's pending motion for summary judgment constituted prejudice to defendant and justified the court's

denial of plaintiff's motion to dismiss without prejudice); *Fisher v. P.R. Marine Mgmt.*, 940 F.2d 1502, 1503 (11th Cir. 1991) (finding the time and expense already spent by defendant on discovery and trial preparation, the late nature of plaintiff's filings and the potential negative effect on witnesses' memories constituted plain prejudice to defendant and justified the court's denial of plaintiff's motion without prejudice); *Witbeck v. Embry Riddle Aeronautical Univ.,* 219 F.R.D. 540, 542 (M.D. Fla. 2004) (finding the combination of defendant's expenditure of substantial resources, prior court extensions on plaintiff's behalf and defendant's pending summary judgment motion constituted sufficient prejudice to defendant to justify a denial of plaintiff's motion to dismiss without prejudice).

Until the Supreme Court's recent decision in *CRST Van Expedited, Inc. v. E.E.O.C.*, 136 S. Ct. 1642, 1646 (2016) (holding that the courts interpret the term "prevailing party" in a consistent manner in the various fee-shifting statutes, and a favorable ruling on the merits is not a necessary predicate to find that a defendant has prevailed in order to award attorney's fees), court's generally held that a party needed to obtain a judgment on the merits in order to be determined the prevailing party for an award of attorney's fees under 17 U.S.C. section 505. *NLFC, Inc. v. Devcom Mid-America, Inc.*, 916 F.Supp. 751 (N.D. Ill. 1996); *Shaw Family Archives, Ltd. v. CMG Worldwide, Inc.*, 589 F.Supp.2d 331 (S.D.N.Y. 2008). Moreover, a dismissal with prejudice is necessary in order to find that a defendant

has received a judgment on the merits. *Citibank, N.A. v. Data Lease Fin. Corp.*, 904 F.2d 1498, 1501 (11th Cir. 1990).

Here, in fairness to Roberto, the action should not have been dismissed without some protection afforded to him. *See Tesma v. Maddox-Joines*, Inc., 254 F.R.D. 699, 701-02 (S.D. Fla. 2008) (after defendant's motion had been converted to a motion to summary judgment, the court granted plaintiff's motion for voluntary dismissal but imposed a condition that plaintiff pay Defendant's reasonable costs and attorney's fees incurred in the action.) While the court did afford certain protections in dismissing Roberto, they were not imposed to protect his rights; instead, the imposed condition protected Malibu Media's rights by dismissing Roberto*, conditioned upon his testimony being truthful*. As such, the district court improperly relied upon Malibu Media's concerns and did not consider the prejudice to Roberto when it permitted dismissal without prejudice "conditioned upon [Roberto's] testimony being truthful." (Doc. 90 at 2.) The court improperly imposed upon the dismissal a condition that was solely for the protection of Malibu Media and based on Roberto's testimony being "truthful." (Doc. 90 at 2.) Instead, any conditions imposed should have been to protect Roberto. Furthermore, the court should have addressed the prejudice that would result to Roberto. In Roberto's opposition to Malibu Media's request to dismiss him, Roberto argued against dismissal without prejudice that "allowing Malibu Media to simply replace him might nullify Roberto's

claim for attorney's fees and costs." (Doc. 54 at 16.)  However, the court did not consider this factor in granting the dismissal without prejudice. *See* Doc. 90.  In the interest of equity and a "just resolution," the court should have conditioned the dismissal of Roberto on Malibu Media reimbursing Roberto for at least a portion of his litigation expenses or some other condition designed to alleviate the prejudice Roberto might otherwise suffer.  Because the court only considered the equities of the Plaintiff and did not take into consideration the prejudice to Roberto in granting the motion to dismiss without prejudice, it abused its discretion.

## XII. The district court abused its discretion in refusing to reopen the case for an entry of dismissal with prejudice in favor of Roberto.

> "Discretionary choices are not left to a court's 'inclination, but to its judgment; and its judgment is to be guided by sound legal principles.'"  At a minimum, the district court must listen to a party's arguments and give reasons for its decision.

*Schwarz v. Folloder*, 767 F.2d 125, 127 (5th Cir. 1985) (vacating trial court's orders denying costs and attorney's fees and remanding because the district court failed in its duty to give reasons for its decisions) (citing Friendly, *Indiscretion about Discretion*, 31 Emory L.J. 747, 784 (1982) (quoting Chief Justice Marshall's opinion in *United States v. Burr*, 25 F.Cas.30, 35 (C.C. Va. 1807))).

On March 21, 2016, Roberto filed a motion for clarification or, in the alternative, to reopen case for entry of dismissal with

prejudice. (Doc. 116.)  On April 1, 2016, the court entered an order, granting the motion for clarification, and explaining that Roberto Roldan remains dismissed without prejudice. (Doc. 117.) Furthermore, the court denied the motion to reopen the case and dismiss Roberto with prejudice. *Id.*  However, the court provided no reasoning.

In his motion to reopen the case and dismiss him with prejudice, Roberto argued that he has a right to see the claims against him decided on the merits. (Doc. 116.)  A lawsuit was filed against him improperly and, having vigorously defended his position through and beyond the filing of a motion for summary judgment, he has the right to a final judgment in his favor. After litigating for 10 months and filing his motion for summary judgment, only a week before the close of discovery, and long after the limit under Rule 41(a) for Plaintiff to file a notice of voluntary dismissal, Roberto was dismissed without prejudice while the case continued open against Angel. Once Malibu Media's claims against Angel reached a resolution and were dismissed, Roberto deserved a final judgment that included an adjudication on the merits.  Since he could not correct the injustice of being improperly named in the lawsuit — especially with his name continuing on the docket, and public record allegations made by Plaintiff that Roberto may have been "untruthful" (Doc. 89, 90) — Roberto argued, he would be irreparably harmed.

Roberto further argued that, to seek recovery of his fees pursuant to the Copyright Act, Roberto had to have been the "prevailing party." (Doc. 116 (citing 17 U.S.C. § 505).)  The term "prevailing party" is "a legal term of art." *Buckhannon Bd. & Care Home. Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 603 (2001). The key to determining whether a party prevailed is whether there was a "material alteration of the legal relationship of the parties...." *Id.* at 604.  The dismissal in Order at Doc. 90 was entered without prejudice, which typically does not lead to a change in the legal relationship between the parties because "[t]he defendant remains at risk" as "the plaintiff may refile the complaint." *NCC Bus. Services, Inc. v. Lemberg & Assoc.*, LLC, 3:13-CV-795-J-39MCR, 2015 WL 5553773, at *5 (M.D. Fla. 2015) (citation omitted).

The court ruled on Roberto's motion, denying Roberto's motion to reopen the case and dismiss him with prejudice.  However, the court failed to provide any reason for its refusal.  Furthermore, Roberto had a clear right to an adjudication on the merits considering the substantial time and effort expended to defend himself in this lawsuit and the inherent prejudice of being associated with Malibu Media's pornographic materials.  As such, the district court abused its discretion.

## **CONCLUSION**

First, the court abused its discretion in refusing to rule on Roberto's motion for summary judgment.  Where it appears that there is no genuine issue as to any material fact upon which the outcome of the litigation turns, it becomes the duty of the court to enter summary judgment.  Roberto moved for summary judgment demonstrating that he did not have access to the IP address under litigation during the period of infringement. Malibu Media agreed with Roberto that he could not have committed the infringement.  Therefore, it became the duty of the court to enter summary judgment in Roberto's favor. The district court's refusal to enter summary judgment in favor of Roberto was a clear abuse of discretion.

Second, the court abused its discretion in permitting Malibu Media to add party defendant Angel Roldan because of the undue prejudice imposed upon Roberto.  The court must consider whether permissive joinder will cause undue prejudice to any party.  In the face of blatant exonerating evidence, Malibu Media continued to litigate against Roberto, causing Roberto to incur substantial time and expense in defending his name from the dishonorable accusations of being a persistent pornography downloader.  The court allowed Malibu Media to add party defendant Angel Roldan to the complaint, while forcing Roberto to wait in the wings while Malibu Media continued its case against Angel.  As such, Roberto was unduly prejudiced because he was not permitted to clear his name or receive recompense

for the unjustified allegations brought against him.  As the court should have considered this undue prejudice and denied Malibu Media's request to add Angel Roldan, the court abused its discretion in failing to do so.

Third, the court abused its discretion when it refused to find Malibu Media in contempt.  A court abuses its discretion if it applies the law in an unreasonable or incorrect manner.  The court applied the law in an unreasonable manner in finding that Malibu Media had not dropped Roberto as a defendant, because Malibu Media agreed in its response that it had indeed dropped Roberto as a defendant from its copyright infringement cause of action.  Moreover, the court applied the law in an incorrect manner in finding that the Second Amended Complaint "supplemented" the First Amended Complaint as case law clearly indicates that the Second Amended Complaint would have *replaced* the First Amended Complaint, not supplemented it.  Therefore, the court abused its discretion in failing to find Malibu Media in contempt for removing Roberto as a defendant in violation of its order.

Fourth, the court abused its discretion in dismissing Roberto without prejudice because Roberto suffered the loss of a clear legal right. A dismissal without prejudice should be denied when the defendant will suffer plain legal prejudice.  The crucial question to be determined is whether the defendant would lose any substantial right by the dismissal.  As a result of Roberto's dismissal without

prejudice, Roberto lost the right to be determined prevailing party and seek attorney fees pursuant to 17 U.S.C. § 505, and the right to clear his name of the unsavory accusations of being a persistent pornography downloader.

Fifth, the court abused its discretion in failing to apply conditions granting Roberto his attorney fees in dismissing the case against him without prejudice. Upon a plaintiff's motion to dismiss without prejudice the equities of the plaintiff are not a subject for consideration under the rule. The terms and conditions which the court may impose are for the protection of the rights of the defendant. In abuse of its discretion, the court dismissed the case against Roberto on the condition that his testimony is truthful. Such condition was clearly for the benefit of plaintiff. As conditions imposed upon dismissal under 41(a)(2) are to be for the protection of the defendant, the court clearly abused its discretion in imposing a condition which solely benefitted Malibu Media and protected it from the risk of dismissal. At the very least, in the interest of equity and a "just resolution," the court should have conditioned the dismissal of Roberto on Malibu Media reimbursing Roberto for at least a portion of his litigation expenses or some other condition designed to alleviate the prejudice Roberto might otherwise suffer.

Sixth, the court abused its discretion in refusing to reopen the case and enter a dismissal against Roberto with prejudice. At a minimum, the court had a duty to listen to Roberto's argument and

enter a reason for its holding. The court ruled on Roberto's motion, denying Roberto's motion to reopen the case and dismiss him with prejudice. However, the court failed to provide any reasoning for its decision. Furthermore, Roberto had a clear right to an adjudication on the merits considering the substantial time and effort expended to defend himself in this lawsuit and the inherent prejudice of being associated with Malibu Media's pornographic materials. As such, the court abused its discretion in denying Roberto's request to be dismissed with prejudice.

## <u>STATEMENT REGARDING ORAL ARGUMENT</u>

Pursuant to 11th Cir. R. 28-1(c), Appellant DOES NOT request oral argument.

## CERTIFICATE OF COMPLIANCE

I certify that this brief complies with the type-volume limitation pursuant to Rule 32(a)(7)(B), Federal Rules of Appellate Procedure, because it contains 11,508 words, excluding the parts of the brief exempted by Rule 32(a)(7)(B)(iii).

I certify that this brief complies with the typespace requirements of Rule 32(a)(5) and the requirements of Rule 32(a)(6) because it has been prepared in a monospaced typeface, Size 12 Courier New, which is 10 points per inch. This brief has been prepared using Microsoft Word for Mac 2010, Version 14.5.3.

*Attorney for Appellant:*

**Cynthia Conlin, P.A.**
1643 Hillcrest Street
Orlando, Florida 32803-4809
Tel. 405-965-5519
Fax 405-545-4395
www.conlinpa.com

5/31/2016

[X] CYNTHIA CONLIN, ESQ.
Florida Bar No. 47012
Cynthia@cynthiaconlin.com
[ ] JENNIFER DAWN REED, ESQ.
Florida Bar No. 104986
Jennifer@cynthiaconlin.com
Secondary Email for Service:
Jeff@cynthiaconlin.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on **May 31, 2016,** a true and complete copy of the foregoing brief was served onto EMILIE KENNEDY, ESQ., Attorney for Appellee, via email at Emilie@pillar.law.

*Attorney for Appellant:*

**Cynthia Conlin, P.A.**
1643 Hillcrest Street
Orlando, Florida 32803-4809
Tel. 405-965-5519
Fax 405-545-4395
www.conlinpa.com

5/31/2016

[X] CYNTHIA CONLIN, ESQ.
Florida Bar No. 47012
Cynthia@cynthiaconlin.com
[ ] JENNIFER DAWN REED, ESQ.
Florida Bar No. 104986
Jennifer@cynthiaconlin.com
Secondary Email for Service:
Jeff@cynthiaconlin.com